**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.  Case Nos.: 1:94cr1044/WTH/GRJ
 1:16cv209/WTH/GRJ
 1:94cr1050/WTH/GRJ
 1:16cv210/WTH/GRJ

STEVEN LANG SANFORD,

    Petitioner.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation in each of 1:94cr1044 (ECF No. 273 in that case) and 1:94cr1050 (ECF No. 102 in that case.)[1] The parties have been furnished a copy of the Report and Recommendation in each case and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at ECF No. 276 in 1:94cr1004 and ECF No. 105 in 1:94cr1050. I have made a de novo review based on those objections. Having considered the Reports and Recommendations, and the timely filed

---

[1]For administrative reasons, the filing of the § 2255 petition in 1:94cr1044 spawned the civil case 1:16cv209 and the filing of the § 2255 petition in 1:94cr1050 spawned civil case 1:16cv210. This order adopting the two Reports and Recommendations applies to both criminal and both civil cases.

objections, I have determined that the Reports and Recommendations should be adopted.

In his objections, petitioner argues that the sentencing transcript is not clear as to whether petitioner was sentenced under the residual clause of 18 U.S.C. § 924(e). This Court disagrees and finds the record is clear that the residual clause was not implicated. In addition to the Magistrate Judge's reasoning, the Court also notes that the sentencing judge stated that he overruled the defense counsel's objection "for the reasons specified by the probation officer in their assessment, not only of the facts, but of the law and the guidelines comments." 1:94cr1044, ECF No. 267 ex. 1 at 25. The two paragraphs of the Presentence Investigation Report dealing with the Armed Career Criminal Act are set out below:

> 193. As to Paragraph 61, counsel for the defendant states that the defendant's total offense level has been improperly enhanced pursuant to 18 U.S.C. § 924(e). Counsel argues that in order to qualify for enhancement, the defendant must have three previous convictions for a "violent felony" which is defined in 18 U.S.C. § 924(e)(2)(B)(ii) to include .... burglary .... " Although the defendant in the instant case has numerous prior convictions for burglary, he does not have three previous convictions for burglary of a dwelling. It is burglary of a dwelling which should appropriately qualify a defendant for enhancement under 18 U.S.C. § 924(e) and if the defendant does not have the prerequisite three previous convictions for burglary of a dwelling, he should not be subject to enhancement.

> 194. The definition of "violent felony" in 18 U.S.C. § 924(e)(2) is not identical to the definition of "crime of violence" used in U.S.S.G. § 4Bl.1 (Career Offender). See U.S.S.G. § 4B1.4, comment (n.l). In a

>decision handed down in 1990, the United States Supreme Court rejected the view that Congress intended to include only a special subclass of burglaries and held that "a person bas been convicted of burglary for purposes of a § 924(e) enhancement, if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *United States v. Taylor*, 495 U.S. 575. Therefore, the defendant has the requisite prior convictions for burglary, and is subject to the enhancement under 18 U.S.C. § 924(e).

ECF No. 262 at 47. The same language is used in 1:94cr1050.

The probation officer relied exclusively on the *Taylor* opinion and did not mention the residual clause. *Taylor* itself made clear that the residual clause was not involved in that case:

> Petitioner essentially asserts that Congress meant to include as predicate offenses only a subclass of burglaries whose elements include "conduct that presents a serious risk of physical injury to another," over and above the risk inherent in ordinary burglaries. But if this were Congress' intent, there would have been no reason to add the word "burglary" to § 924(e)(2)(B)(ii), since that provision already includes any crime that "involves conduct that presents a serious potential risk of physical injury to another."

*Taylor v. United States*, 495 U.S. 575, 597, 110 S. Ct. 2143, 2157, 109 L. Ed. 2d 607 (1990). Because the sentencing judge stated that he was relying on the probation officer's opinion, and that opinion only discussed *Taylor* and the enumeration clause, the record is clear that the sentencing judge did not apply the residual clause in sentencing petitioner. Thus, *Johnson* does not apply to this case,

and the Magistrate Judge correctly recommends that petitioner is barred from filing a successive petition under § 2255(h).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Reports and Recommendations, ECF No. 273 in 1:94cr1044 and ECF No. 102 in 1:94cr1050, are adopted and incorporated by reference in this order. A copy of this order should be filed in both 1:94cr1044 and 1:94cr1050.

2. The Clerk is directed to enter the following judgment: "Petitioner's Petitions under 28 U.S.C. § 2255, ECF No. 261 in 1:94cr1044 and ECF No. 90 in 1:94cr1050, are dismissed for lack of jurisdiction. A certificate of appealability is denied in both cases." The Clerk is directed to close the files in both the criminal and both the civil cases listed above.

**DONE AND ORDERED** this _20th_ day of February, 2018

_____
UNITED STATES DISTRICT JUDGE